IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| People of the State of California, ex rel. Bill Lockyer, Attorney General, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br><br>Reliant Energy, Inc., et al.,<br><br>　　　　Defendants. | No. C 02-1788 VRW<br><br>STIPULATION AND<br>[~~PROPOSED~~] PROTECTIVE ORDER |

**STIPULATION AND PROTECTIVE ORDER**

**STIPULATION**

WHEREAS, the above-captioned case involves claims by the plaintiffs, Attorney General of the State of California ("the Attorney General") and the Department of Water Resources ("DWR"), against the defendants, Reliant Energy, Inc., Reliant Energy Services, Inc., Reliant Energy Power Generation, Inc., Reliant Resources, Inc., Reliant Energy Coolwater, LLC, Reliant Energy Ellwood, LLC, Reliant Energy Etiwanda, LLC, Reliant Energy Mandalay, LLC, and Reliant Energy Ormond Beach, LLC ("the Reliant defendants") concerning the acquisition and continued holding of California electric power plants;

WHEREAS, this action will involve the production of documents by the Attorney General, DWR, and the Reliant defendants (collectively, "the Parties");

WHEREAS, this action will involve the production of documents by non-parties including, but not limited to, Southern California Edison Company, Pacific Gas & Electric Company, San Diego Gas & Electric, Duke Energy Corporation, Dynegy, Inc, NRG Energy, Inc, AES Corporation, The Williams Companies, Inc., and the California Independent System Operator Corporation;

WHEREAS, this action will also involve production of documents previously provided by non-parties to the Attorney General pursuant to California Government Code Section 11180, *et seq.* where those materials are subject to disclosure pursuant to Rule 26 of the Federal Rules of Civil Procedure;

1    WHEREAS, it is anticipated that among the documents which will be produced by the non-parties and the Parties (collectively, "the Producing Parties") will be confidential, proprietary, commercially sensitive, or trade secret information;

WHEREAS, the Parties believe that the entry of an order limiting the use of genuinely confidential, proprietary, commercially sensitive, or trade-secret information will facilitate the production of documents from both Parties and non-parties; and,

IT IS THEREFORE STIPULATED, AGREED, AND JOINTLY REQUESTED by the Parties, by and through their respective counsel, that in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, a protective order should be entered pursuant to the following terms and provisions:

1.    This Stipulation and Protective Order ("Stipulation and Protective Order") shall govern all documents, materials, depositions or other testimony, deposition exhibits, interrogatory responses, responses to requests for admissions, and/or other information ("Information") produced by Producing Parties in connection with this case.

2.    Any Information that contains or comprises any trade secret or other confidential research, development or commercial information pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, and that is produced by a Producing Party in connection with this case, may be designated by the Producing Party as "Confidential" by marking or designating the Information as provided in paragraphs 3-8 of this Stipulation and Protective Order.  Except as provided below, once Information has been designated as "Confidential" it shall not be used for any business, proprietary, or commercial purpose, and shall not be disclosed to anyone except the following:

    a.    The Attorney General, including regular and temporary employees of the Attorney General, and employees of any firm retained to reproduce the Information for use in accordance with this Stipulation and Protective Order;

    b.    The Parties' outside counsel of record, including regular and temporary employees of such counsel, and employees of any firm retained to reproduce the Information for use in accordance with this Stipulation and Protective Order,

        c.      Member of the Parties' in-house legal departments and the Parties' personal counsel, including regular and temporary employees of such counsel, and employees of any firm retained to reproduce the Information for use in accordance with this Stipulation and Protective Order.

        d.      Experts or consultants assisting counsel for the Parties in the conduct of this action;

        e.      The Parties (if natural persons), or officers, directors, and employees of the Parties (whether or not natural persons) who are assisting counsel in the conduct of this action;

        f.      The author of the Information and anyone shown on the document as having received the Information in the ordinary course of business;

        g.      Court reporters and other stenographic or recording personnel in connection with this action;

        h.      Judicial or administrative employees in connection with this action; and

        i.      Witnesses at a deposition or trial in this action who shall be bound by the provisions of this Stipulation and Protective Order.

        3.      A Producing Party may designate Information as "Confidential" when the Producing Party's counsel in good faith believes: (1) secrecy as to the Information is in the public interest; (2) the Producing Party designating the Information as "Confidential" has a cognizable interest in the material (i.e., the material constitutes or reveals a trade secret, privileged information, other confidential research, development, or commercial information, or is otherwise protected by law from disclosure); and (3) the disclosure of the Information would cause serious harm. For purposes of this Stipulation and Protective Order, Information that is in the public domain or has been obtained by the Producing Party from non-confidential sources shall not be considered "Confidential." Any Confidential Information shall be designated by the Producing Party by so identifying each page of the material with the word "Confidential." Pages of deposition transcripts containing Confidential Information shall be identified in the same manner.

SF/21556400.4

4.   A Producing Party may designate Information as "Restricted Confidential" if the Producing Party believes in good faith that the Information is so commercially sensitive or confidential that disclosure to employees of the Parties other than those who are assisting counsel in the conduct of this action, even for the purposes permitted with respect to materials designated "Confidential," will not provide adequate protection to the interests of the Producing Party. Any Restricted Confidential Information shall be designated "Restricted Confidential" by the Producing Party by so identifying each page of the material with the words "Restricted Confidential." Each page of a deposition transcript that contains testimony designated "Restricted Confidential," and/or relates to document that have been designated "Restricted Confidential" shall be identified "Restricted Confidential" and any testimony or exhibits so designated shall be bound separately from the remainder of the deposition transcript in a volume with a cover page identified "Restricted Confidential." Except as provided in the next sentence, Information designated as "Restricted Confidential" shall not be disclosed to anyone except the individuals described in paragraph 2(a), (b), (d), (e), (f), (g), (h) and (i) of this Stipulation and Protective Order regarding "Confidential Information." Information designated as "Restricted Confidential" also may be disclosed to in-house counsel who are working on this action and the paralegals, stenographic and clerical staff of such inside counsel who are working on this case and under the direction of such inside counsel.

5.   A Producing Party may designate Information as "Highly Restricted" if the Producing Party believes in good faith that the Information is so commercially sensitive or confidential that disclosure to employees of the Parties, even for the purposes permitted with respect to materials designated "Confidential" or "Restricted Confidential" will not provide adequate protection to the interests of the Producing Party. Any Highly Restricted Information shall be designated "Highly Restricted" by the Producing Party by so identifying each page of the material with the words "Highly Restricted." Each page of a deposition transcript that contains testimony designated "Highly Restricted" and/or relates to document that have been designated "Highly Restricted" shall be identified "Highly Restricted" and any testimony or exhibits so designated shall be bound separately from the remainder of the deposition transcript

4

in a volume with a cover page identified "Highly Restricted."  Information designated as "Highly Restricted" shall not be disclosed to anyone except the individuals described in paragraph 2(a), (b), (d), (f), (g), (h) and (i) of this Stipulation and Protective Order regarding "Confidential Information."

6.  A Producing Party may also make available documents previously produced in FERC Docket Nos. EL00-95-000 and EL00-98-000.  Documents previously marked in those proceedings as "Protected Materials" will be given the same protections as documents marked "Confidential" pursuant to this Protective Order.  Documents in the FERC proceeding previously marked as "Protected Materials Not Available to Competitive Duty Personnel" will be given the same protections as documents marked "Restricted Confidential" pursuant to this Protective Order.  Further, documents marked "Protected Materials Not Available to Competitive Duty Personnel" may not be provided to any person whose duties include (1) the marketing or sale of electric power at wholesale, (2) the purchase or sale of electric power at wholesale, (3) the direct supervision of any employee with such responsibilities, or (4) the provision of electricity marketing consulting services to entities engaged in the sale or purchase of electric power at wholesale (collectively, "Competitive Duties").  If any person who has reviewed documents subsequently is assigned to perform any Competitive Duties, with the exception of the Reviewing Representative's own data, such person shall have no further access to materials marked "Protected Materials Not Available to Competitive Duty Personnel" (and information derived therefrom) and shall dispose of such materials, and shall continue to comply with the requirements set forth in this Protective Order.  Materials marked as "Protected Materials Not Available to Competitive Duty Personnel" shall be returned or destroyed at the conclusion of these proceedings as otherwise provided for herein.

7.  Information used during or in connection with a deposition may be designated as "Confidential," "Restricted Confidential," "Highly Restricted," or "Protected Materials Not Available to Competitive Duty Personnel" by any Party or Producing Party on the record during the deposition.

SF/21556400.4

8.      In designating any Information as "Confidential," "Restricted Confidential," "Highly Restricted," or "Protected Materials Not Available to Competitive Duty Personnel," the Producing Party and its counsel are obligated to act in good faith and consistent with Rule 26 (c) of the Federal Rules of Civil Procedure.  Any designation of Information as "Confidential," "Restricted Confidential," "Highly Restricted," or "Protected Materials Not Available to Competitive Duty Personnel" may be withdrawn by the Producing Party by providing written notice to the Parties.

9.      Every person described in paragraphs 2(a)-(f), and (i) who is given access to Confidential Information, Restricted Confidential Information, Highly Restricted Information, or Protected Materials Not Available to Competitive Duty Personnel shall be provided with a copy of this Stipulation and Protective Order prior to receipt of the Information and advised that the Information is being disclosed pursuant and subject to the terms of this Stipulation and Protective Order and may not be disclosed or used other that in accordance with this Stipulation and Protective Order.  After entry of this Stipulation and Protective Order, counsel shall not disclose Confidential Information, Restricted Confidential Information, Highly Restricted Information, or Protected Materials Not Available to Competitive Duty Personnel to any person described in paragraph 2(a)-(f), and (i) until counsel has obtained from such person a signed written acknowledgement, substantially in the form of Exhibit A, that such person has received a copy of this Stipulation and Protective Order, will comply with its terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person has complied with the terms of this Stipulation and Protective Order.  Persons who come into contact with Confidential Information, Restricted Confidential Information, Highly Restricted Information, or Protected Materials Not Available to Competitive Duty Personnel for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute acknowledgments.

10.     Any Party who wants to file with the Court any Information designated as "Confidential," "Restricted Confidential," "Highly Restricted," or "Protected Materials Not Available to Competitive Duty Personnel" pursuant to the Stipulation and Protective Order must

1  file such Information under seal pursuant to Rule 26(c)(8) of the Federal Rules of Civil
2  Procedure.

3        11.    Except with the prior written consent of the Producing Party or prior order of the
4  Court obtained upon noticed motion, Information designated as "Confidential," "Restricted
5  Confidential," "Highly Restricted," or "Protected Materials Not Available to Competitive Duty
6  Personnel" shall be used solely for the purpose of litigating the above-captioned cases.
7  Confidential Information, Restricted Information, Highly Restricted Information, or Protected
8  Materials Not Available to Competitive Duty Personnel shall not be communicated in any
9  manner, directly or indirectly, to anyone other than a person qualified to receive such
10 Information under the terms of this Stipulation and Protective Order.

11       12.    All Confidential Information, Restricted Information, Highly Restricted
12 Information, and Protected Materials Not Available to Competitive Duty Personnel shall be
13 maintained by the Parties in a secure place.

14       13.    The Attorney General has provided notice to non-parties who have previously
15 produced documents and information to the Attorney General pursuant to California Government
16 Code Section 11180, et seq., that such documents and information (hereafter "investigative
17 material") produced by such non-parties may be potentially subject to discovery in this action.
18 In response to subpoenas in this action, several non-parties have produced, or identified for
19 production, investigative material they determine to be relevant to this action.  Such non-parties
20 have agreed to be considered Producing Parties and have designated their investigative materials
21 produced in this action as Confidential or Restricted Confidential pursuant to the terms of the
22 parties' July 22, 2003 Stipulation and Protective Order.  As discovery is ongoing, additional
23 investigative materials are likely to be produced, or identified for production, by non-parties as
24 being relevant to this action and may be designated as Confidential, Restricted Confidential,
25 Highly Restricted, or Protected Materials Not Available to Competitive Duty Personnel in
26 accordance with the terms of this amended Stipulation and Protective Order.  To the extent
27 Reliant seeks discovery from the Attorney General of investigative materials not previously
28 produced by a non-party, the Attorney General will provide an index of investigative materials

SF/21556400.4

1    potentially subject to discovery in this action to the non-party. The non-party will have 30 days
2    to designate any of the identified investigative material as Confidential, Restricted Confidential,
3    Highly Restricted, or Protected Materials Not Available to Competitive Duty Personnel in
4    accordance with this amended Stipulation and Protective Order, or to raise any other objections
5    to production of the investigative material identified on the index. When the non-party has so
6    designated the investigative material, and/or any objections to its production to Reliant have been
7    resolved, the Attorney General will make available to Reliant for inspection and copying the
8    investigative material identified in the index in Sacramento.

9           14.    Where a Producing Party has inadvertently produced a document which the
10   Producing Party later claims should not have been produced because of attorney-client, work
11   product or trade secret privilege, the Producing Party may request the return of any such
12   document within ten days of discovering that it was inadvertently produced. A request for the
13   return of the document shall identify the specific document and the basis for asserting that the
14   document is subject to the attorney-client privilege, the work product privilege or the trade secret
15   privilege, the basis for asserting that the production was inadvertent, and the date of discovery of
16   the inadvertent production. The inadvertent production of any document which the Producing
17   Party later claims should not have been produced because of the privilege will not be deemed to
18   be a waiver of any privilege to which the Producing Party would have been entitled had the
19   privileged document not been inadvertently produced. If a Producing Party requests the return of
20   a document pursuant to this paragraph, the Parties to whom the request is made shall promptly
21   return to the Requesting Party all copies of the document, unless the Parties asked to return the
22   document in good faith reasonably believe that the document is not privileged. Should the Party
23   contesting the privilege pursuant to this paragraph decline to return the document, the Producing
24   Party seeking return of the document may seek relief from the Court. In any such proceeding,
25   the Producing Party shall have the burden of showing that the document is privileged and the
26   production was inadvertent. In the event that only portion of a document contains privileged
27   subject matter, a Producing Party may substitute a redacted version of the document at the time
28   of making the request for the return of the document.

15. A Party may object to the treatment of a document or portion of a transcript as "Confidential" as defined in paragraph 3 herein, the treatment of a document or portion of a transcript as "Restricted Confidential" as defined in paragraph 4 herein, the treatment of a document or portion of a transcript as "Highly Restricted" as defined in paragraph 5 herein or portion of a transcript as "Protected Materials Not Available to Competitive Duty Personnel." Whenever a Party objects to the treatment of a document or portion of a transcript as "Confidential," "Restricted Confidential," "Highly Restricted," or "Protected Materials Not Available to Competitive Duty Personnel," it shall, in writing, so inform the Producing Party, providing its reasons for such objection in writing and delivered by hand delivery, courier or facsimile transmission. If an agreement as to the designation has not been reached within ten (10) days, the Party and the Producing Party may thereafter jointly apply to the Court by motion for a ruling as to whether the document or transcript should be treated as "Confidential," "Restricted Confidential," "Highly Restricted," or "Protected Materials Not Available to Competitive Duty Personnel." The Producing Party bears the burden of establishing the appropriateness of the protection sought Until the Court enters an order, if any, changing the designation of any document or transcript which is the subject of the joint motion, the document or transcript shall be afforded "Confidential," "Restricted Confidential," "Highly Restricted," or "Protected Materials Not Available to Competitive Duty Personnel" treatment, in accordance with its designation.

16. Producing or receiving materials or otherwise complying with the terms of this Stipulation and Protective Order shall not:

    a. Prejudice in any way the rights of any Producing Party to object to the production of documents it considers not subject to discovery; or

    b. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or evidence subject to this Stipulation or Protective Order; or

    c. Prevent any Party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

9

SF/21556400.4

17. This Stipulation and Protective Order has no effect upon, and its scope shall not extend to:

    a. any Party or Producing Party's use of its own Confidential Information or Restricted Confidential Information; or

    b. any Party's use of Information obtained from a source other than a Producing Party.

18. Within 45 days after termination and notice of termination of this litigation, including any appeals therefrom, the originals and all copies of Information designated as "Confidential," "Restricted Confidential," or "Highly Restricted," shall be destroyed or turned over to the Producing Party or its counsel.  However, each Party may keep copies of all pleadings and correspondence files in this action and any internal work product, memoranda, letters or electronic mail.

19. The Parties agree that a violation or threatened violation of these terms shall constitute irreparable harm and qualify as valid grounds for seeking injunctive relief to prevent said violation.

20. In the event of a proven violation of this Protective Order by any of the Parties in this action or others designated in paragraph 2 hereof, all Parties acknowledge that the offending Party or persons may be subject to sanctions determined in the discretion of the Court.

21. This Stipulation and Protective Order shall be binding upon the Parties upon entry of the Order by the Court.

/////

/////

/////

/////

/////

SF/21556400.4

22. Pursuant to General Order 45 X.A., Electronic Case Filing Signatures, I, Geoffrey T. Holtz, hereby attest that Mr. Damon M. Connolly concurs in the filing of this stipulation and proposed order.

DATED: June 10, 2005

BILL LOCKYER, Attorney General
   for the State of California, Plaintiff
DAMON M. CONNOLLY
   Supervisory Deputy Attorney General
HARVEY I. SAFERSTEIN
Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, PC


By:   /s/ Damon M. Connolly
   DAMON M. CONNOLLY
   Supervisory Deputy Attorney General
Attorneys for plaintiffs People of the State of California, *ex rel.*, Bill Lockyer, Attorney General of the State of California, the Department of Water Resources, and the State of California

DATED: June 10, 2005

RELIANT ENERGY, INC., et al., Defendants


By:   /s/ Geoffrey T. Holtz
   GEOFFREY T. HOLTZ
   Bingham McCutchen, L.L.P.
Attorneys for Defendants Reliant Energy, Inc., et al.

**ORDER**

IT IS SO ORDERED.

Dated: 1 August 2005

The Honorable [signature: Judge Vaughn R Walker]
United States [District Judge]